

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 24, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-1462

Re: Whether Article 9.13
(7) V.C.S. will permit
the refund of tax paid
on motor fuel used from
a separate fuel tank in
a power pumping unit
operated by the motor
of a motor vehicle which
travels predominantly on
the highway and not over
prescribed courses betwee
fixed terminals.

Dear Sir:

You have requested our opinion on the following question:

"The Comptroller, requests your opinion as
to whether the Permian Corporation is entitled
to recover a tax refund in view of Article 9.13
(7) - Chapter 9, Title 122A, Taxation-General,
Revised Civil Statutes - of the Motor Fuel Tax
Law, which reads in the applicable parts as
follows:

"'(7) No tax refund shall be paid
on motor fuel used in automobiles, trucks,
pickups, jeeps, station wagons, buses, or
similar motor vehicles designed primarily
for highway travel, which travel both on
and off the highway except as hereinafter
provided. (a) If any such motor vehicles
are used entirely for non-highway pur-
poses except when propelled over the
public highway to obtain repairs, oil
changes, or similar mechanical or main-
tenance services, or when propelled
over the public highway for other inci-
dental purposes, or (b) if any such
motor vehicles are operated exclusively
during the period covered in any refund
claim over prescribed courses lying

> between fixed terminals or bases, in
> which such vehicles travel the same
> mileage on the highway on each trip,
> and the same mileage off the highway
> on each such trip, then in such cases
> a tax refund claim may be approved for
> the motor fuel used off the public
> highway in such vehicles, only when
> the claimant has kept a complete
> record of each trip traveled over
> any part of the public highway
> showing the date, the highway
> mileage traveled and the quantity
> of motor fuel used in each of said
> vehicles during the period of such
> travel.'",

and in connection therewith you have submitted these facts:

> "The Permian Corporation, a private carrier,
> operates some 58 trucks with cargo tanks in
> which it transports petroleum liquids over
> the highways of Texas. Each truck is equipped
> with a power-pumping unit operated by the same
> motor which propels the truck over the high-
> ways and which is used to pump the petroleum
> products in loading and unloading the cargo
> tank.

> "The Permian Corporation proposes to
> install a separate fuel tank on each truck
> with a connection to the carburetor feeding
> the motor but with a switch valve which will
> enable the driver to use fuel from the extra
> tank while the truck is stationery for
> pumping the liquid load on and off the
> cargo tank. When the loading operations
> are completed, the driver is instructed to
> switch the valve to the regular fuel tank
> from which motor fuel will be used in pro-
> pelling the trucks over the roads and high-
> ways. Permian has requested authority to
> claim tax refund on the motor fuel deter-
> mined in this manner to have been used
> while the motor vehicle is stationery and
> not moving over the highway."

Section 2 of Article 9.13, Title 122A, Taxation-General, V.C.S., the statute authorizing the refund of motor fuel taxes, reads as follows:

"(2) Any person (except as hereinafter provided), who shall use motor fuel for the purpose of operating or propelling any stationary gasoline engine, motorboat, aircraft, or tractor used for agricultural purposes, or for any other purpose except in a motor vehicle operated or intended to be operated upon the public highways of this State, and who shall have paid the tax imposed upon said motor fuel by this Chapter, either directly or indirectly, shall, when such person has fully complied with all provisions of this Article and the rules and regulations promulgated by the Comptroller, be entitled to reimbursement of the tax paid by him less one and one half per cent (1½%) allowed distributors, wholesalers and jobbers, and retailers under the provisions of this Chapter. Provided, however, no tax refund shall be paid to any person on motor fuel used in any construction or maintenance work which is paid for from any State funds to which motor fuel tax collections are allocated or which is paid jointly from any such State funds and Federal funds, except that when such fuel is used in maintenance of way machines, or other equipment of a railroad, operated upon stationary rails or tracks, then such railroad shall be entitled to a tax refund on such fuel."

Attorney General's Opinion No. WW-1019 dated March 16, 1961, quoted from Attorney General's Opinion No. 0-2381 under date of July 25, 1940, and we believe these same quotations, which are copied hereafter, are pertinent to this opinion:

"'1. Oil field equipment is used which is a licensed or registered motor vehicle (truck). On this truck is mounted a drilling rig. The truck motor is used for two purposes: (a) propelling the vehicle from place to place, which may be on public roads or highways, private property, such as leases, or both; (b) operating the

equipment mounted on the truck strictly
as a stationary engine. This is accomplished through a power take-off which
separates the motor from the truck
while so used.

"'2. This same procedure is used in
connection with the following classes
of work; namely, post-hole drilling for
power lines, pumping oil into tank built
on the same truck, feed-grinding mills,
oil well cementing, oil well treating,
fire engines for pumping water on fire
after arrival.'

"'. . .

"'The following situation has never
arisen; however, the facts are true, and
as such must be given consideration. A
farmer or rancher uses a registered truck;
thereon he would have two fuel tanks and
keep the fuel used for traveling on the
roads or highways separate from that used
while driving the same truck on his private property. This would require a
switch from one fuel tank to the other
at the proper time; and, furthermore,
such trucks would not have a power
take-off arrangement.'

"Opinion No. 0-2381 held that in these situations the refund should be allowed if the fuel
was shown to have been used for operating and
propelling the registered truck in question
upon private property and not upon and along
highways of this State. As indicated in the
above opinion and the courts generally, where
there is an ambiguity the question should be
decided in favor of the taxpayer."

The law in effect at the time of Opinion No. 0-2381
in 1940 has not been materially changed since that time. A
pertinent part of Art. 7065b - 13 (b) V.C.S. which was in
effect in 1940, reads as follows:

"No refund of the tax shall be allowed
on motor fuel used in any registered or
licensed motor vehicle or in any motor
vehicle operated or intended to be operated
in whole or in part upon any of the highways, roads, and streets of this State."

This prohibition against allowing refunds is in effect almost identical with the prohibition of today as set forth above in Section (7) of Article 9.13, Title 122A, V.C.S.

In answer to this prohibition copied above from the 1940 statute, the writer of Opinion No. O-2381 had the following to say:

"At first blush, and considering the foregoing prohibition without reference to the other provisions of the Motor Fuel Tax Law pertinent to this issue, it would appear that the Legislature has foreclosed the question by disallowing a refund of the tax on motor fuel used in 'any registered or licensed motor vehicle', regardless of the nature, location, purposes or conditions of such use. In other words, a strict and literal interpretation of this provision would require the disallowance by you of all filed refund claims for motor fuel taxes on motor fuel used in, about or in connection with such vehicle, whether on or off the highway, and whether used for the propulsion of such vehicle or for the stationery power purposes indicated in your first situation. Under this view, no inquiry into the facts and nature of the use to which such vehicle was put would be required. The sole statutory test for the allowance or disallowance of a refund claim would be whether or not the vehicle in question was registered or licensed under the Registration Laws of the State of Texas. This has heretofore been your administrative interpretation of this prohibition and the opinion of this Department, under prior administrations; but due to the increasing use of motor vehicles, registered and licensed, for such non-highway purposes as would give right to a refund of the tax on motor fuel if used in engines and power plants admittedly within the refund provisions, it is not amiss that this holding should be carefully reviewed at this time.

"It is elementary that statutes, or parts of statutes, pari materia, should all be considered together, if harmonious and unconflicting, in order to arrive at the true

> legislative intent, which is the paramount
> consideration in the interpretation of
> statutes. We shall therefore consider
> and interpret the provision that 'no refund
> of the tax shall be allowed on motor fuel
> used in any registered or licensed motor
> vehicle' with the other provisions of the
> refund section, particularly, and of the
> Motor Fuel Tax Law, generally, bearing upon
> the nature of the refund and the conditions
> under which the motor fuel must be used to
> be refundable, in order to determine the
> exact limitations which the Legislature
> intended to impose upon the refund privi-
> lege."

It is necessary in all instances of statutory construction to attempt to follow the intent of the Legislature in the overall act.

The various acts and amendments by the Legislature from the earliest motor fuel tax to date have shown a consistent intent on the part of the Legislature to levy a tax on motor fuel used to propel vehicles upon the public highways of the state and to exempt from the tax motor fuel used for purposes other than for propelling vehicles upon the highways.

When we look at the overall picture, it appears that part of Section 7 of Article 9.13 which reads,

> "No tax refund shall be paid on motor
> fuel used in automobiles, trucks, pick-
> ups, jeeps, station wagons, buses, or
> similar motor vehicles designed primarily
> for highway travel, which travel both on
> and off the highway except as hereinafter
> provided. . . .",

has reference to vehicles traveling on and off the highway, with no record kept of distance on and distance off the highway. The fuel in this case is used to propel the vehicle both on and off the highway from the same tank, and there is no way of knowing how much fuel is used in either instance.

The motor vehicle being used as a stationary motor with fuel being supplied from a special tank, different from the tank used when traveling on the highway, is not such a motor vehicle as "is operated or intended to be operated upon the public highways of this state", as mentioned in Art. 9.13, Sec. (2).

According to the facts given, the motor which is at all times (while using fuel from the special tank) being operated in a stationary position off the highway may be said to be used entirely for non-highway purposes, as is provided in example (a) of Sec. (7) of Art. 9.13, Title 122A, V.C.S.

We are aware of the fact that this interpretation of the act makes it more difficult to administer and may open the door to fraud and mistakes as pointed out in your request. However, it is not for us to decide whether or not this law is practical. That was within the province of the Legislature in passing the law. We must assume the facts are as set forth in the request and that they will be carried out as stated.

At the very beginning of Art. 9.13, Sec. (1) reads as follows:

> "(1) In all refund claims filed under this Article, the burden shall be on the claimant to furnish sufficient and satisfactory proof to the Comptroller of the claimant's compliance with all provisions of this Article; otherwise, the refund claim shall be denied."

This gives the Comptroller authority to deny the claim for refund unless the claimant furnishes sufficient and satisfactory proof of compliance with the act.

You are therefore advised that under the facts given the tax paid on motor fuel used from a separate tank which is used only when the vehicle is in a stationary position, being used to pump the petroleum products in loading and unloading the cargo tank, is subject to a claim for refund under provisions 9.13, Title 122A, V.C.S.

SUMMARY

Under the facts submitted, the tax paid on motor fuel used in truck motor to operate power take-off for loading and unloading truck cargo, which fuel is furnished from separate tank from the tank used to supply

fuel for propelling truck over the highway, is subject to motor fuel tax refund.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: J. H. Broadhurst
Assistant Attorney General

JHB:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Bill Allen
Iola Wilcox
L. P. Lollar
Paul Phy

REVIEWED FOR THE ATTORNEY GENERAL:
By: Leonard Passmore